COPY

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

CHRISTINA COPE
**PLAINTIFF**

-- vs --

FIRST STUDENT INC
**DEFENDANT**

Use below number on
all future pleadings

No. A 2004251
SUMMONS

FIRST STUDENT INC
10786 HIGHWAY DR
CINCINNATI OH 45241

D - 1

You are notified
that you have been named Defendant(s) in a complaint filed by

CHRISTINA COPE
3629 KEEVER RD
LEBANON OH 45036

Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET   ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.

Name and Address of attorney
MATTHEW G BRUCE
11260 CHESTER ROAD
SUITE 825
CINCINNATI       OH       45246

AFTAB PUREVAL
Clerk, Court of Common Pleas
       Hamilton County, Ohio

By  RICK HOFMANN
                          Deputy

Date:   December 8, 2020



D130500003

**EXHIBIT A**



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
December 4, 2020 03:35 PM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1012506

**CHRISTINA COPE**  A 2004251

vs.

**FIRST STUDENT INC**

**FILING TYPE: INITIAL FILING (OUT OF COUNTY) WITH JURY DEMAND**

**PAGES FILED: 11**

EFR200

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | |
|---|---|
| CHRISTINA COPE<br>3629 Keever Rd.<br>Lebanon, OH 45036<br><br>                Plaintiff,<br><br>        v.<br><br>FIRST STUDENT, INC.<br>10786 Highway Dr.<br>Cincinnati, Ohio 45241<br><br>    **Serve also:**<br>    First Student, Inc.<br>    c/o CT Corporation System<br>    (Stat. Agent)<br>    4400 Easton Commons Way, Ste. 125<br>    Columbus, Ohio 43219<br><br>-and-<br><br>MICHELLE TABER<br>3865 Mechanicsburg Rd.<br>Springfield, Ohio 45502<br><br>    **Serve also:**<br>    Michelle Taber<br>    c/o First Student, Inc.<br>    10786 Highway Dr.<br>    Cincinnati, Ohio 45241<br><br>                Defendants. | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff Christina Cope, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

### PARTIES, JURISDICTION & VENUE

1. Cope is a resident of the city of Lebanon, Warren County, state of Ohio.

2. Defendant FIRST STUDENT, INC. ("First Student") is foreign-incorporated business that conducts business throughout the state of Ohio and others.

3. The events that give rise to the claims for relief in this Complaint occurred at First Student's location at and around 10786 Highway Dr., Cincinnati, Ohio 45241.

4. First Student is, and was at all times hereinafter mentioned, Cope's employer within the meaning of Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2617 et seq. and R.C. § 4112.01(A)(2).

5. Upon information and belief, Defendant MICHELLE TABER is a resident of the state of Ohio.

6. Defendant Taber is and/or was an employee of First Student.

7. Defendant Taber did, and at all times hereinafter mentioned, acted directly or indirectly in the interest of First Student and/or within the scope of her employment at First Student.

8. At all relevant times referenced herein, Defendant Taber supervised and/or controlled Cope's employment at First Student.

9. At all times referenced herein, Defendant Taber was Cope's employer within the meaning of R.C. 4112.01(A)(2).

10. All of the material events alleged in this Complaint occurred in or around Hamilton County, Ohio.

11. Therefore, personal jurisdiction is proper over Defendants pursuant to Ohio Revised Code §2307.382(A)(1), (3) and/or (4).

12. Venue is proper pursuant to Civ. R. 3(B)(2), (3) and/or (5).

13. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

14. Cope is a former employee of First Student.

15. At all times noted herein, Cope was qualified for and could fully perform the essential functions of her job, with or without a reasonable accommodation.

16. Cope is disabled due to her Ulcerative Colitis ("UC") and thus is in a protected class for her disability.

17. Cope worked for First Student from September 8, 2015 until First Student terminated Cope's employment on or about September 13, 2019 citing attendance.

18. At the time of Cope's termination, she held the title of Operations Supervisor.

19. Cope had an exemplary employment record with no history of discipline in the four years that she worked for First Student. Cope regularly received positive reviews, pay raises and promotions.

20. Cope was replaced shortly after her termination by Darlene Behne, who is outside Cope's disability protected class.

21. Cope worked initially as a payroll dispatcher. In or around July 2017, First Student promoted Cope to dispatcher.

22. Cope then took over for Behne's previous role and was given a pay raise. Cope was excited for her future with First Student.

23. That all changed after Cope was admitted to the hospital for the first time during her employment in or around September 2017.

24. While at the hospital, Cope was diagnosed with UC, a disability which is exacerbated by stress. This diagnosis placed Cope in the disability protected class.

25. When Cope returned to work a few days later, she informed her supervisor, John Buxton, of her disability and presented First Student with a doctor's note to excuse her absence from work and give formal notice of her disability/serious health condition. This gave First Student notice of Cope's disability.

26. Cope had many doctor appointments that required her to take off work, and at times, when the stress from work increased, it would cause Cope's symptoms to flare up. When Cope had flare ups, she had to leave work.

27. On or about April 1, 2019, Buxton retired. Because Buxton retired, Cope's workload and stress levels increased substantially.

28. Buxton's replacement, Defendant Taber, started working at Cope's location after Buxton retired.

29. Working for Taber was difficult, she was harsh and had very high expectations, but Cope constantly worked to improve her skills. Her hard work paid off and Cope continued to perform well in her role.

30. On or about July 1, 2019, Cope was promoted to Operations Supervisor.

31. Shortly after, from July 21 through 27, 2019, Cope took off work for vacation.

32. When Cope returned, there was a new employee, Amber Brooks.

33. Brooks was hired to replace Brenda Bowman as Bowman had a medical condition that was causing her performance at work to suffer. Taber instructed Cope to train Brooks in her new role.

34. On top of this new trainee, there were massive structural changes that happened during Cope's vacation.

35. One significant change was that a bus driver, Al Chang, was promoted to Road Manager.

4

36. All of these changes and new duties resulted in a massive source of stress for Cope. Cope was expected to train Brooks, manage half of the First Student fleet, and learn all of the new system changes.

37. Additionally, Cope began training to be a part of a safety team for a specific school system.

38. At this point, Cope was working 50 to 80 hours per week, trying to stay afloat.

39. Cope and Brooks were completely in charge of all aspects of the drivers for the company including routing, payroll, safety and discipline.

40. Cope was working harder than she had ever worked and poured everything she had into making sure First Student was successful.

41. Through this time, Cope attempted to request reasonable accommodations for her UC. Her requests were ignored.

42. On or about September 12, 2019, Cope texted Taber and Chang to inform them she was sick and could not come into work that day.

43. It was customary for Cope to call off work via text message; prior to this day, Cope calling in sick via text message had never been a problem.

44. Taber responded that she was mad that Cope was not coming in for the day and that they "need[ed] to talk" and that Cope calling off sick was "unacceptable."

45. On or about September 13, 2019, Cope reported to work at her regular time.

46. Taber called Cope into her office and informed her that Cope's employment was terminated because of her "attendance issues."

47. Cope explained that if she needed a doctor's note for the previous day, she could provide one. Taber told Cope that she did not care because it was "after the fact."

5

48. In all of 2019 while Cope worked for First Student, she missed roughly three days of work prior to her termination.
49. These three days absent were well within the five-day sick day allotment that First Student provided to its employees.
50. Furthermore, when Cope was terminated, she still had a week of vacation available and one day of PTO remaining.
51. Notably, at no point did First Student inform Cope of her FMLA rights, despite her being a qualified employee with a serious health condition and it being a qualified employer.
52. Taber's reason for terminating Cope's employment was clearly pretextual.
53. Taber actually terminated Cope's employment because of her disability and her need to take off work because of her disability.
54. Taber did not fire similarly-situated employees when they used their sick days.
55. First Student was aware of Cope's diagnosis and the recovery that she faced. Cope was open and honest about the required care following her diagnosis.
56. First Student violated the FMLA when it became aware that Cope had a serious health condition but did not provide her information about FMLA leave.
57. Defendant's termination of Cope was an adverse employment action against her.
58. Defendant's purported reason for Cope's termination is pretextual.
59. Defendant actually terminated Cope's employment discriminatorily against her disabilities, to avoid engaging in the interactive process of finding a reasonable accommodation, and/or to interfere with her FMLA rights.
60. As a result of the acts and omissions of Defendants, Cope has suffered damages.

6

## COUNT I: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS
## (Defendant First Student Only)

61. Cope restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

62. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

63. First Student is a covered employer under the FMLA.

64. Cope was an employee eligible for FMLA due to her severe health condition.

65. During her employment, Cope qualified for and inquired FMLA leave due to her disabilities.

66. During her employment with First Student, Cope was unable to receive FMLA benefits for her disabilities.

67. Defendant unlawfully interfered with Cope's exercise of her rights under the FMLA in violation of § 105 of the FMLA and § 825.220 of the FMLA regulations.

68. Defendant's refusal to provide Cope with information pertaining to FMLA leave and/or permit Cope to take FMLA leave violated and interfered with her FMLA rights.

69. As a direct and proximate result of Defendant's conduct, Cope suffered and will continue to suffer damages.

70. As a direct and proximate result of Defendant's conduct, Cope is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorneys' fees.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112, et seq.

71. Cope restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

7

72. Cope is in a protected class for her disabilities.

73. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disabilities.

74. Defendants treated Cope differently than other similarly situated employees based upon her disability.

75. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by treating Cope differently from other similarly situated employees outside her protected class.

76. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by applying their employment policies in a disparate manner based on Cope's disability.

77. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by applying their disciplinary policies in a disparate manner based on Cope's disability.

78. Cope incurred emotional distress damages as a result of Defendants' conduct described herein.

79. As a direct and proximate result of Defendants' acts and omissions, Cope has suffered and will continue to suffer damages.

## COUNT III: FAILURE TO ACCOMMODATE

80. Cope restates each and every prior paragraph of this complaint, as if it were fully restated herein.

81. Cope informed Defendants of her disabling conditions.

82. Cope requested accommodations from Defendants to assist with her disabilities.

83. Cope's requested accommodations were reasonable.

84. There were available accommodations that would have been effective and would have not posed an undue hardship to Defendants.

85. Defendants failed to engage in the interactive process of determining whether Cope needed an accommodation.

86. Defendants failed to provide an accommodation.

87. Defendants violated R.C. §4112.02 by failing to engage Cope in the interactive process.

88. Defendants violated R.C. §4112 et seq. by failing to engage in the interactive process of finding a reasonable accommodation for Cope.

89. Defendants violated R.C. §4112 et seq. by failing to provide Cope a reasonable accommodation.

90. As a direct and proximate result of Defendants' conduct, Cope suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Cope demands from Defendant the following:

a) Issue a permanent injunction:

    i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

    ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

  v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge her personnel file of all negative documentation;

c) An award against Defendant for compensatory and monetary damages to compensate Cope for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Cope's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

            Respectfully submitted,

            /s/ Matthew G. Bruce
            Matthew Bruce (0083769)
              Trial Attorney
            Evan R. McFarland (0096953)
            **THE SPITZ LAW FIRM, LLC**
            Spectrum Office Tower
            11260 Chester Road, Suite 825
            Cincinnati, OH 45246
            Phone: (216) 291-0244 (x173)
            Fax: (216) 291-5744
            Email: Evan.McFarland@SpitzLawFirm.com
            Email: Matthew.Bruce@spitzlawfirm.com

            *Attorneys for Plaintiff Christina Cope*

## JURY DEMAND

Plaintiff Christina Cope demands a trial by jury by the maximum number of jurors permitted.

/s/ Matthew G. Bruce
Matthew Bruce (0083769)